UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DERRICK RICHARDSON | ) | |
| | ) | |
| v. | ) | 1:10-cv-228 |
| | ) | *Chief Judge Curtis L. Collier* |
| RICKY J BELL, WARDEN | ) | |

## **MEMORANDUM**

Petitioner Derrick Richardson ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Petitioner seeks review of his early 1990 state conviction on one count of first degree felony murder.[1]

Because the Court was inclined to *sua sponte* dismiss Petitioner's habeas corpus petition on statute of limitations grounds, it ordered Petitioner to show cause why his habeas petition should not be dismissed as time-barred (Court File No. 5). *See Wade v. Webb*, 83 Fed.Appx. 703, 704 (6th Cir., Dec. 2, 2003), *available at* 2003 WL 22976527 ("[T]he better practice is for district courts to provide habeas corpus petitioners with notice and an opportunity to be heard prior to the *sua sponte* dismissal of a habeas corpus petition on statute of limitations grounds.") (citing *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002) and *Acosta v. Artuz*, 221 F.3d 117, 123-35 (2000)). Petitioner has filed a response (Court File No. 6). Respondent, who was afforded the opportunity to file a brief

---

[1] The Court is unable to determine the exact year of Petitioner's conviction as his direct appeal reflects the murder occurred on December 8, 1993, and does not identify the conviction date, *State v. Richardson*, 1994 WL 247114 (Tenn.Crim.App. June 9, 1994) (No. 03C01-9305-CR-00165), *appeal denied*, (Sept. 12, 1994). The appeal of the denial of his state post-conviction petition, however, reflects Petitioner was convicted of first-degree murder on December 10, 1992, *Richardson v. State*, 1998 WL 18199 (Tenn.Crim.App. Jan. 21, 1998) (No. 03C01-9605-CR-00186), *appeal denied*, (June 8, 1998), which is prior to the date on which the direct appeal reflects the murder occurred. According to the appeal of the denial of his state petition for a writ of habeas corpus, Petitioner was convicted in January of 1993. *Richardson v. Lewis*, 2006 WL 3479530 (Tenn.Crim.App. Dec. 1, 2006). Nevertheless, whether he was convicted in 1992 or 1993, the outcome of this proceeding is the same.

regarding the timeliness of the habeas petition, chose not to do so.

After reviewing the record and the applicable law, the Court concludes that Petitioner's § 2254 petition will be **DISMISSED** as time-barred (Court File No. 1).

I.      **Timeliness**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects Petitioner was found guilty of one count of first degree murder and the judgment of conviction and sentence were affirmed on direct appeal. *See State v. Richardson*, 1994 WL 247114 (Tenn.Crim.App. (June 9, 1994), *appeal denied*, (Sept. 12, 1994). Petitioner pursued state post-conviction relief, filing a petition for post-conviction relief on July 20, 1995. *See Richardson v. State*, 1998 WL 18199 (Tenn.Crim.App., Jan 21, 1998) (denial of post-conviction relief was affirmed), *perm. appeal denied*, June 8, 1998.  Petitioner did not pursue federal habeas relief until he filed the instant petition on July 12, 2010 (Court File No. 1).

A petitioner whose judgment became final prior to the enactment of the statute of limitations under AEDPA was afforded a grace period under the statute of limitations.  Under this grace period

2

a prisoner must file his petition within one year of April 24, 1996. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). However, the proper filing of a petition for state collateral relief tolls the running of the statute of limitations and the time during which such a petition is pending shall not be counted. 28 U.S.C. § 2244(d)(2). *Isham v. Randal*, 226 F.3d 691 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001).

The Court must calculate the one year time period to determine the last day Petitioner could have timely filed his § 2254 petition. The one year statute of limitation was enacted and signed into law on April 24, 1996. The Rules Governing Section 2254 proceedings for the United States District Court do not include a rule which governs computation of time. However, Rule 12 of the Rules Governing Section 2254 proceedings for the United States District Court provides the following:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.

Rule 6 of the Federal Rules of Civil Procedure provides for computation of time when the period is stated in days or longer. Rule 6(a)(1). In computing time in accordance with this rule, the day of the event that triggers the period is excluded; everyday (including intermediate Saturdays, Sundays, and legal holidays) is counted, and the last day of the period is included unless it is a weekend day or holiday, then the period continues to run until the end of the next day that is not a weekend or holiday. Rule 6(a)(1)(A)-(C).

The Sixth Circuit has ruled that Rule 6(a) of the Federal Rules of Civil Procedure provides the means of determining the beginning and end of a statute of limitations prescribed elsewhere in the law. *Merriweather v. City of Memphis*, 107 F.3d 396, 399-400 (6th Cir. 1997); *Bartlik v. United*

*States Dept. of Labor*, 62 F.3d 163, 166 (6th Cir. 1995) (en banc). Since Petitioner's state post-conviction petition was pending as of April 24, 1996, the one year statute of limitations did not begin to run until the conclusion of the state post-conviction proceedings. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on June 8, 1998. Therefore, June 8, 1998, concluded the state post-conviction proceedings.

Applying Rule 6(a) of the Federal Rules of Civil Procedure, the Court does not include the day the Tennessee Supreme Court denied the petition to rehear but does include the day Petitioner was required to file his federal habeas corpus petition. Accordingly, the statute of limitations began to run on June 9, 1998, which is counted as day one. *See Hutton v. Brigano*, 2001 WL 549227 (UNPUBLISHED) (6th Cir. 2001). Therefore, the statute ran from June 9, 1998, and three hundred and sixty-five days expired on June 8, 1999. Because Petitioner did not file his federal habeas petition until July 12, 2010, when it was received by prison authorities,[2] it is time-barred as it was filed over ten years too late. The time for filing a § 2254 petition in Petitioner's case expired on June 8, 1999. Since Petitioner's § 2254 petition was filed on July 12, 2010, it is time-barred by the statute of limitations.

**II.    Tolling**

Petitioner does not deny his habeas petition was untimely filed. Instead, he seeks to excuse his late filing on the grounds that he lacked knowledge of the Federal Habeas Corpus law and lacked knowledge that his co-defendant committed perjury when he testified he was not receiving favorable

---

[2] The prison mailbox rule provides that a filing by an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988).

4

treatment or leniency as a result of his testimony, and the prosecutor failed to correct the alleged false testimony. Petitioner's reasons for tolling are somewhat conflicting, however. On one hand he argues he is entitled to equitable tolling because he was unaware of the statute of limitations for filing a federal habeas petition. On the other hand he argues he is entitled to file a tardy habeas petition because he only recently became aware of his co-defendant's perjury and the prosecutor's failure to correct the untruthful testimony. The Court will resolve the latter issue first.

### A. *28 U.S.C. § 2244(d)(1)(B) & (D)*

In his response to the Court's Show Cause Order, Petitioner contends his petition should not be dismissed as time-barred because, through no fault of his own, he has only recently discovered that his co-defendant, who testified during trial that he was not receiving favorable treatment or leniency for his testimony, testified untruthfully, and that the prosecutor failed to correct the false testimony. According to Petitioner, his testifying co-defendant did receive leniency and favorable treatment in his case after testifying in Petitioner's case based "on indirect [sic] deal based on if he testified against me at my trial[,]"(Court File No. 1).

Petitioner does not identify under which section of § 2244(d)(1) he wishes to proceed, i.e. § 2244(d)(1)(B) or (D).[3] Nevertheless, for the reasons discussed below, Petitioner is not entitled to

---

[3] Those sections of 28 U.S.C. § 2244(d)(1) provide:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

tolling under either section as he has not provided any facts to support either of his allegations regarding his co-defendant's testimony. Specifically, other than his factually unsupported claim that his co-defendant benefitted from an "indirect deal[,]" there is no evidence before the Court establishing a prior agreement between Petitioner's co-defendant and the prosecutor or that the prosecutor failed to correct any perjured testimony.

The "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972) (internal punctuation and citation omitted). "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Napue v. People of State of Ill.* 360 U.S. 264, 269 (1959). The suppression of material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Here, however, the record does not present sufficient evidence to support Petitioner's claim his co-defendant committed perjury when he testified at Petitioner's trial or that the prosecutor failed to correct the alleged perjury. The fact Petitioner's co-defendant subsequently received a lesser sentence in his case does not establish he entered into a plea agreement with the prosecution prior to Petitioner's trial. In other words, the fact that thirty-three days after Petitioner was convicted of first degree felony murder, his co-defendant was sentenced to eight years intensive probation and 100 days public works is not evidence that a deal existed at the time of trial. *See Matthews v. Ishee*, 486 F.3d 883, 896 (6th Cir.), *cert. denied*, 552 U.S. 1023 (2007). The evidence of Petitioner's co-defendant's subsequent sentence is simply insufficient to demonstrate an actual prior promise of leniency existed between his co-defendant and the prosecution.

6

Thus, there is absolutely no credible evidence that Petitioner's co-defendant entered into a plea agreement with the prosecution prior to testifying at Petitioner's trial or that the prosecutor failed to correct any perjured testimony. Consequently, Petitioner has not presented any evidence indicating the state created an impediment preventing him from filing a federal habeas petition or that this claim could not have been previously discovered through the exercise of due diligence. Accordingly, Petitioner is not entitled to have the federal habeas statute of limitation tolled, under either § 2244 (d)(1) (B) or (D), on his claims his co-defendant committed perjury when he testified during Petitioner's trial that he did not have an agreement with the prosecution and the prosecution failed to correct the alleged perjury.

### *B.*     *Equitable Tolling*

Petitioner also asserts the statute of limitations should be tolled because he is not educated and was not aware of the statute of limitations. Equitable tolling only applies if extraordinary circumstances exists. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day"). Although Sixth Circuit case law does permit the invocation of the doctrine of equitable tolling to toll the one-year limitation period applicable to habeas petitions under certain circumstances, *Hall v. Warden, Lebanon Correctional Insti.* ___ F.3d___, 2011 WL 5965837 at *4 (6th Cir. 2011), to qualify for equitable tolling, a prisoner must show that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

Petitioner bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and,

7

typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. 327, 1085 (2007) (equitable tolling is warranted only where petitioner diligently pursued his rights and some extraordinary circumstance stood in his way and prevented timely filing). Petitioner has failed to make either the diligent or extraordinary circumstance showing.

Plaintiff claims he was unaware of the statute of limitations for filing a federal habeas petition. The Sixth Circuit, however, has concluded the AEDPA statute clearly notifies defendants how AEDPA's statute of limitations applies to their cases and notice by means of a statute is adequate notice of the federal habeas corpus filing requirements. *See Allen v. Yukins*, 366 F.3d 396, 402-03 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004). Accordingly, case law and the clear statutory provisions of AEDPA regarding the statute of limitations provided Petitioner constructive knowledge of the filing deadline. The case law is clear that Petitioner's lack of notice of the filing requirement is not sufficient to justify equitable tolling as ignorance of the law alone is insufficient to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d at 402-03; *Harrison v. I.M.S.,* 56 Fed. Appx. 682, 685 (6th Cir. 2003), *available in* 2003 WL 173669 ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Carson*, 49 Fed.Appx. 495, 497 (6th Cir. 2002), *available in* 2002 WL 31164208 ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petitioner"). Plaintiff's ignorance of the statute of limitations is not an extraordinary circumstance requiring the tolling of the one year statute of limitation. In addition, Petitioner has not demonstrated that he was diligent in pursuing his rights. Consequently, Petitioner has failed to establish he is entitled to

equitable tolling.

Accordingly, it is hereby **ORDERED** that Petitioner's petition for writ of habeas corpus will be **DISMISSED** *sua sponte* as time-barred (Court File No. 1).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**